# NO. 12-23-00203-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AUTHOR JAMES MANNING JR.,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 307TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS AND IN THE*<br>*INTEREST OF S.M., APPELLEE* | *§* | *GREGG COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for failure to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 42.3(c).

On August 8, 2023, Author James Manning, Jr. filed a pro se petition for permissive appeal. That same day, the Clerk of this Court notified Manning that the petition failed to comply with Texas Rule of Appellate Procedure 28.3 and gave Manning until August 18 to file an amended petition.[1] *See* TEX. R. APP. P. 28.3 (permissive appeals in civil cases). On August 25, the Clerk of this Court notified Manning that his amended petition for permissive appeal is overdue. The notice warned that, unless Manning filed an amended petition on or before September 5, the appeal would be referred to the Court for dismissal. On August 28, Manning filed an amended petition for permissive appeal, which still fails to comply with Rule 28.3.

Because Appellant failed, after notice, to comply with Rule 28.3, the petition for permissive appeal is ***denied*** and the appeal is ***dismissed***.[2] *See* TEX. R. APP. P. 42.3(c) (on its own

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

[2] In recent years, Manning filed several appeals that have resulted in dismissal. *See Manning v. Viacom CBS, Inc.*, No. 12-23-00113-CV, 2023 WL 4308652 (Tex. App.—Tyler June 30, 2023, no pet.) (per curiam) (mem.

1

initiative after giving ten days' notice to all parties, appellate court may dismiss appeal if appeal is subject to dismissal because appellant failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time); *see also* **Phillips v. Tex. Dep't of Ins. Div. of Workers' Comp.**, No. 05-22-00610-CV, 2022 WL 2582565, at *1 (Tex. App.—Dallas July 8, 2022, no pet.) (mem. op.) (denying and dismissing permissive appeal for failure to comply with Rule 28.3).  All pending motions are *overruled as moot*.

Opinion September 13, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

op.); *see also* **Interest of A.S.M.**, No. 12-22-00257-CV, 2022 WL 16558446 (Tex. App.—Tyler Oct. 31, 2022, no pet.) (per curiam) (mem. op.); **Manning v. Longview Social Security Office**, No. 12-21-00241-CV, 2022 WL 243195 (Tex. App.—Tyler Jan. 26, 2022, pet. denied) (per curiam) (mem. op.); **Interest of A.S.M.**, No. 12-21-00005-CV, 2021 WL 761730 (Tex. App.—Tyler Feb. 26, 2021, no pet.) (per curiam) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 13, 2023

### NO. 12-23-00203-CV

**AUTHOR JAMES MANNING JR.,**
Appellant
V.
**THE STATE OF TEXAS AND IN THE INTEREST OF S.M.,**
Appellee

Appeal from the 307th District Court

of Gregg County, Texas (Tr.Ct.No. 2001-1995)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the petition for permissive appeal be denied and the appeal dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the petition for permissive appeal be **denied** and that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*